IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| KEVIN HUDGENS, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Case No. 4:23-cv-23 |
| § | |
| ENTERPRISE PRODUCTS PARTNERS, § | |
| L.P. and/or ENTERPRISE PRODUCTS § | |
| OPERATING, LLC, § | |
| § | |
| *Defendant.* § | |

**DEFENDANTS ENTERPRISE PRODUCTS PARTNERS, L.P AND ENTERPRISE PRODUCTS OPERATING, LLC'S ORIGINAL ANSWER**

Defendants Enterprise Products Partners, L.P. ("EPP") and Enterprise Products Operating, LLC ("EPO")[1] file this Original Answer in response to Plaintiff Kevin Hudgens's ("Hudgens" or "Plaintiff") First Amended Whistleblower Complaint (the "Complaint") (Dkt. 2) and answers as follows:

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

**I.   NATURE OF THE ACTION**

1. EPP and EPO deny the allegations in paragraph 1.

2. Admits that Plaintiff purports to bring this action for alleged wrongful termination under the Pipeline Safety Improvement Act. The remainder of paragraph 2 is a legal assertion to which no response is required.

---

[1] Although identified as one defendant in the First Amended Complaint, EPP and EPO are two separate entities and so are two separate defendants. In addition, neither EPP nor EPO employed Plaintiff. Instead, Enterprise Products Company ("EPC") employed Plaintiff. By filing this Answer, neither EPP nor EPO admit they are a proper defendant to this lawsuit.

3. EPP and EPO deny the allegations in paragraph 3.

## II. PARTIES, JURISDICTION, AND VENUE

4. EPP and EPO lack sufficient information to admit or deny Plaintiffs place of residence.

5. EPP and EPO deny the allegations in paragraph 5. Plaintiff Kevin Hudgens was employed by Enterprise Products Company.

6. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO admit this Court has subject matter jurisdiction over Plaintiff's claims.

7. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO admit this Court has subject matter jurisdiction over Plaintiff's claims.

8. EPO admits that it operates pipelines within the Western District of Texas. EPP denies that it operates pipelines within the Western District of Texas. EPP and EPO admit that their headquarters are in Houston, Texas.

9. This is a legal assertion to which no response is required.

10. EPP and EPO admit that Plaintiff worked in Orla, Reeves County, Texas. EPP and EPO deny that "all of the individual witnesses related to safety occurrences and/or that are asserted to be Cat's Paw employees, as well as Defendant's executive and human resources professionals involved," are within the subpoena power of this Court. The remainder of paragraph 10 is a legal assertion to which no response is required.

11. EPP and EPO deny the allegations in paragraph 11.

## III. FACTUAL BACKGROUND

12. EPP and EPO deny the allegations in paragraph 12.

13. EPP and EPO deny the allegations in paragraph 13.

14. EPP and EPO deny the allegations in paragraph 14.

15. EPP and EPO deny the allegations in paragraph 15.

16. EPP and EPO deny the allegations in paragraph 16.

17. EPP and EPO deny the allegations in paragraph 17.

18. EPP and EPO deny the allegations in paragraph 18.

19. EPP and EPO deny the allegations in paragraph 19.

20. EPP and EPO deny the allegations in paragraph 20.

21. EPP and EPO deny the allegations in paragraph 21.

22. This is a legal assertion to which no response is required.

23. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 23.

24. EPP and EPO admit that Plaintiff performed UT inspections on injection point locations in Orla, Texas facilities in 2021. EPP and EPO admit that injection point locations are inspected every three years. EPP and EPO lack sufficient information to admit or deny what Plaintiff observed, determined, reported to unidentified individuals, or discussed with unidentified individuals. EPP and EPO deny the remaining allegations in paragraph 24.

25. EPP and EPO lack sufficient information to admit or deny the allegations in paragraph 25 because no mechanical integrity report is "attached" to the First Amended Complaint.

26. EPP and EPO deny the allegations in paragraph 26.

27. EPP and EPO lack sufficient information to admit or deny the allegations in paragraph 27.

28. EPP and EPO lack sufficient information to admit or deny what Plaintiff observed. EPP and EPO deny the remaining allegations in paragraph 28.

29. EPP and EPO admit that Plaintiff arrived at EPO's Chapparal, New Mexico facility on August 16, 2021, and that Plaintiff attempted to cease operations on a Dehydrator Mole Sieve because of the height of the scaffolding. EPP and EPO deny the remaining allegations in paragraph 29, including that the scaffolding was improper or that the facility lacked safety scaffolding required by law.

30. EPP and EPO deny the allegations in paragraph 30.

31. EPP and EPO admit that on August 16, 2021, Zachary Berry ("Berry") told Plaintiff that the scaffolding builders would modify the scaffolding "to [Plaintiff's] liking." EPP and EPO deny that Berry told Plaintiff there were "no hard feelings."

32. EPP and EPO deny the allegations in paragraph 32.

33. EPP and EPO deny the allegations in paragraph 33.

34. EPP and EPO deny the allegations in paragraph 34.

35. EPP and EPO lack sufficient information to admit or deny the allegations in paragraph 35, including the meaning of "numerous other reports" that Plaintiff purported to provide to his employer.

36. EPP and EPO deny the allegations in paragraph 36.

37. EPP and EPO deny the allegations in paragraph 37.

38. EPP and EPO admit that on August 20, 2021, Plaintiff stated that he had filed a complaint to OSHA in a witness statement that he submitted to a human resources representative as part of the human resources department's investigation into the August 16, 2021 incident. EPP and EPO deny the remaining allegations in paragraph 38.

39. EPP and EPO admit that on August 20, 2021, Plaintiff stated that he had filed a complaint to OSHA in a witness statement that he submitted to a human resources representative as part of the human resources department's investigation into the August 16, 2021 incident. EPP and EPO deny the remaining allegations in paragraph 39.

40. EPP and EPO lack sufficient information to admit or deny what Plaintiff told OSHA investigators.

41. EPP and EPO admit that on August 20, 2021, Plaintiff stated that he filed a complaint to OSHA in a witness statement that he submitted to a human resources representative as part of the human resources department's investigation into the August 16, 2021 incident. EPP and EPO deny the remaining allegations in paragraph 41.

42. EPP and EPO deny the allegations in paragraph 42.

43. EPP and EPO deny the allegations in paragraph 43.

44. EPP and EPO admit that Plaintiff was terminated on August 27, 2021, for violating the Workplace Violence Prevention Policy because the human resources department's investigation determined that Hudgens threatened to kill Berry during the August 16, 2021 incident. EPP and EPO deny the remaining allegations in paragraph 44.

45. EPP and EPO deny the allegations in paragraph 45.

46. EPP and EPO deny the allegations in paragraph 46.

47. EPP and EPO lack sufficient information to admit or deny whether Plaintiff has suffered any alleged injuries.

48. EPP and EPO deny the allegations in paragraph 48.

49. EPP and EPO deny the allegations in paragraph 49.

50. This paragraph does not contain any factual allegations.

51. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO admit that paragraph 51 accurately quotes 42 U.S.C. § 60129.

52. EPP and EPO deny the allegations in paragraph 52.

53. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO admit that paragraph 53 accurately quotes 42 U.S.C. § 60129(b)(3)(B).

54. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 54.

55. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 55.

56. EPP and EPO lack sufficient information to admit or deny whether Plaintiff has located PSIA cases in which a Cat's Paw theory has been asserted.

57. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 57.

58. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 58.

59. EPP and EPO deny the allegations in paragraph 59.

60. EPP and EPO deny the allegations in paragraph 60.

61. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 61.

### IV.     REQUESTED RELIEF

62. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 62.

63. This is a legal assertion to which no response is required. To the extent a response is required, EPP and EPO deny the allegations in paragraph 63.

## **DEFENSES**

EPP and EPO assert that they only bear the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Civil Procedure.

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred because neither EPP nor EPO were Plaintiff's employer.

3. Plaintiff, acting on his own and without express or implied direction from his employer, deliberately violated a requirement relating to pipeline safety under federal law.

4. Plaintiff's claims are barred because he did not engage in protected activity.

5. Plaintiff's claims are barred because Plaintiff's alleged protected activity was not the cause of his termination. Specifically, Plaintiff was terminated for violating the Workplace Violence Prevention Policy.

6. Plaintiff's claims are barred for failure to exhaust his administrative remedies.

## **PRAYER**

All allegations that are not expressly admitted herein are hereby expressly denied. Defendants reserve the right to amend this Original Answer in accordance with any order entered by the Court and/or the applicable Federal Rules of Civil Procedure.

Defendants request that judgment be granted in their favor dismissing all claims asserted by Plaintiff, that they recover their costs in connection to this matter, and that the Court grant them all other relief to which it is entitled.

       Respectfully submitted,

       **AHMAD, ZAVITSANOS & MENSING, PLLC**.

       */s/ Joseph Y. Ahmad*
       Joseph Y. Ahmad
       Texas Bar No. 00941100
       joeahmad@azalaw.com
       Jordan Warshauer
       Texas Bar No. 24086613
       jwarshauer@azalaw.com
       1221 McKinney Street, Suite 2500
       Houston, Texas 77010
       T: 713-655-1101
       F: 713-655-0062

       **ATTORNEY FOR DEFENDANTS ENTERPRISE PRODUCTS PARTNERS, L.P. AND ENTERPRISE PRODUCTS OPERATING LLC**

## **CERTIFICATE OF SERVICE**

    I hereby certify that September 18, 2023, a true and correct copy of the above and foregoing document was served on all counsel of record via CM/ECF.

*/s/ Jordan Warshauer*
Jordan Warshauer
